IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Franklin E. Clark, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>Experian Information Solutions, Inc.,<br><br>    Defendants. | C/A No. 8:00-1217-24<br><br>ORDER FILED<br><br>JUN 2 6 2002<br><br>LARRY W. PROPES, CLERK<br>U. S. DISTRICT COURT |
| Franklin E. Clark and Latanjala Denise Miller, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>Equifax, Inc., and Equifax Credit Information Services, Inc.,<br><br>    Defendants. | C/A No. 8:00-1218-24 |
| Franklin E. Clark, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>Trans Union Corporation and Trans Union L.L.C.,<br><br>    Defendants. | C/A No. 8:00-1219-24 |

This matter is before the court on Plaintiffs' Motion for Conditional Class Certification.

AO 72A
(Rev. 8/82)

## FACTS

In their initial complaints, named Plaintiffs Franklin E. Clark and Latanjala Denise Miller allege that Defendants Experian Information Solutions, Inc., Equifax, Inc., Equifax Credit Information Services, Inc., Trans Union Corp., and Trans Union L.L.C. willfully failed to set up or maintain reasonable procedures to assure the maximum possible accuracy of information contained in their consumer credit reports. Plaintiffs further alleged that, for at least the past two years, Defendants have produced consumer credit reports regarding Plaintiffs, and the putative class, which indicate that Plaintiffs have been involved in bankruptcy proceedings. Plaintiffs contended, however, that neither they nor those similarly situated ever have filed bankruptcy, or at least have not filed within the ten year period immediately preceding the inclusion of the alleged inaccurate information in the credit reports. Plaintiffs alleged a single cause of action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b). Plaintiffs sought statutory damages pursuant to 15 U.S.C. § 1681n(a), punitive damages, and attorneys' fees, expenses, and costs.

Plaintiffs filed a motion for class certification on August 9, 2000. Defendants filed a joint brief in opposition on November 22, 2000. Plaintiffs filed a reply to the brief in opposition and a notice of a suggestion for a revised class definition on December 21, 2000. By leave of this court, Defendants filed a joint brief in further opposition to Plaintiffs' motion on January 30, 2001. The court held a hearing on the matter on February 20, 2001. On March 19, 2001, the court issued an order denying Plaintiffs' motion for class certification.

Plaintiffs filed a motion for reconsideration on March 29, 2001. The court denied the motion for reconsideration on June 4, 2001. By leave of this court, Plaintiffs filed revised amended complaints on July 30, 2001. The revised amended complaints differ from the initial complaint in that they allege two causes of action for violation of the FCRA. Plaintiffs allege that Defendants

2

willfully violated FCRA § 1681e(b), and in the alternative that Defendants negligently violated the statute. Plaintiffs Revised Amended Complaint, ¶ 16. In the event that Defendants are found to have willfully violated § 1681e(b), Plaintiffs seek damages as specified in § 1681n (actual or statutory damages). In the event that Defendants are found to have negligently violated § 1681e(b), Plaintiffs seek damages as specified in § 1681o (actual damages). Defendants jointly answered the amended complaints on August 17, 2001.

On March 6, 2002, Plaintiffs filed a second motion for class certification ("Motion for Conditional Class Certification"). Defendants filed their Brief in Opposition to Plaintiffs' Second Motion for Class Certification on April 24, 2002. Plaintiffs filed a reply brief on May 17, 2002. The court held a hearing on the motion on June 3, 2002.

## DISCUSSION

Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class, (3) the claims or defenses of the representative parties be typical of the claims or defenses of the class, and (4) the representative parties be able to fairly and adequately protect the interests of the class. Simply stated, Rule 23(a) mandates numerosity, commonality, typicality, and adequacy of representation. The requirements of Rule 23(a) are meant to assure both that the class action treatment is necessary and efficient and that it is fair to the absent class members under the particular circumstances of the case. Barnes v. American Tobacco Co., 161 F.3d 127, 140 (3d Cir. 1998), cert. denied, 526 U.S. 1114 (1999).

Additionally, the action must satisfy the requirements of either Rule 23(b)(1), 23(b)(2), or 23(b)(3). Under Rule 23(b)(3), which is applicable to the present case, the requirements are two-fold: "Common questions must 'predominate over any questions affecting only individual members';



3

AO 72A
(Rev. 8/82)

and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" Amchem Products, Inc. v. Windsor, 117 S. Ct. 2231, 2245-46 (1997).

The court held in its March 19, 2001 order that Plaintiffs satisfied the elements of numerosity, commonality, typicality, and the first inquiry of adequacy of representation, which is that counsel is qualified to represent the proposed class. The court held that Plaintiffs failed to satisfy the second inquiry of the adequacy of representation, which is that the named parties adequately represent the class they seek to represent. Plaintiffs have set forth arguments that the new proposed class satisfies the elements of numerosity, commonality, typicality, and counsel's adequate representation. Defendants have not specifically addressed these elements, but stated that they accept the court's March 19, 2001 findings on these issues.[1] Defendants' Brief, p. 22, FN 69. Therefore, the remaining issues before the court are: 1) whether Plaintiffs adequately represent the interests of the new proposed class; and 2) whether the proposed class satisfies the requirements of Rule 23(b)(3).

A. Adequacy of Representation

The second inquiry of the adequacy of representation requirement serves to uncover conflicts of interest between named parties and the class they seek to represent. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625 (1997). Stated differently, the representative's claims must be sufficiently interrelated to and not antagonistic with the class's claims as to ensure fair and adequate representation. Emig v. American Tobacco Co., 184 F.R.D. 379, 387 (D. Kan. 1998) (quoting

---

[1] Defendants disagree with Plaintiffs' estimation of the size of the proposed class. Defendants assert that the class will contain approximately 1.6 million members. Defendants' Brief, p. 7. Plaintiffs assert that the class will contain 40,000 to 100,000 members. Second Motion for Class Certification, p. 12. Either estimate satisfies the numerosity requirement of Rule 23(a).



4

Zapata v. IBP, Inc., 167 F.R.D. 147, 160 (D. Kan. 1996)). Satisfaction of the adequacy requirement is essential because "basic due process requires that named plaintiffs possess undivided loyalties to absent class members." Broussard, 155 F.3d at 338. "Because the judgment in a class action has res judicata implications for the absent class members, due process requires that the interests of absent members be adequately represented by the class members who are parties to the action." Moore's Federal Practice, § 23.25[1].

In the first motion for class certification, the court held that the named Plaintiffs did not adequately represent the interest of the proposed class members because, by seeking exclusively statutory damages, Plaintiffs would jeopardize absent class members' rights to seek alternative grounds for relief. Defendants argued that alternative grounds for relief included other claims under FCRA, claims for actual and compensatory damages, claims under state credit-reporting statutes, and state common law claims. In the revised amended complaint, Plaintiffs added a cause of action for negligent noncompliance under the FCRA. Defendants argue that the negligent noncompliance cause of action fails to remedy the fact that absent class members may be barred from pursuing other FCRA claims, claims under state credit reporting statutes, or state common law claims.

Since the first motion for class certification, the parties have conducted additional discovery. Plaintiffs discovered that, over the past three years, twenty-two lawsuits out of a potential class of 40,000 to 100,000 members have been filed against Defendants addressing the practice Plaintiffs challenge here. Plaintiff's Motion for Conditional Class Certification, pp. 14-15 and Exhibit B. Class certification can not be defeated by mere hypothetical conflicts of interest or in the absence of a real showing that the alleged potential conflicts are real probabilities. See Serfaty v. International Automated Systems, 180 F.R.D. 418, 421 (D. Utah 1998); Robertson v. National Basketball Association, 389 F. Supp 867 899 (S.D.N.Y. 1975). Moreover, the Fourth Circuit Court



of Appeals has held that it is an abuse of discretion to deny class certification on the ground that a small fraction of proposed class members might eventually be barred from relief by res judicata. See Sandberg v. Virginia Bankshares, Inc., 891 F.2d 1112, 1118 (4th Cir. 1989)(holding that district court abused discretion by denying certification where sixteen class members, of a class of 2000 members, may have been barred from relief on their state claims by res judicata), *rev'd on other grounds*, Virginia Bankshares, Inc. v. Sandberg, 501 U.S. 1083(1991). Because Plaintiffs have demonstrated that only a very small number of "alternative claims" have been filed, the court finds that Plaintiffs interests adequately represent the interests of the proposed class.

**B. Rule 23(b)(3)**

Rule 23(b)(3) requires "that the court find that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem, 521 U.S. at 623. In this case, the controlling legal issues are governed by 15 U.S.C. § 1681e and the Fourth Circuit Court of Appeals' recent decision in Dalton v. Capital Assoc. Indus., Inc., 257 F.3d 409 (4th Cir. 2001). A consumer reporting agency violates § 1681e(b) if: (1) the consumer report contains inaccurate information; and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." Dalton at 415 (4th Cir. 2001). "A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse' effect." Id. (internal citations omitted).

Defendants argue that common questions do not predominate over individual questions



because each member will have to demonstrate his or her own proof of inaccuracy (Defendants' Brief, p 39), causation and damages (Id. p. 44), and willfulness (Id. p.46). Plaintiffs argue that three common issues predominate: 1) Was the bankruptcy information on the tradeline misleading?; 2) Was there a standard practice for reporting the information?; 3) Was the practice reasonable? Plaintiffs concede that in the event some class members seek actual damages, the facts as to actual damages will not be common.

The court finds that the members of the proposed class have the following facts in common: 1) they are individuals who have not filed for bankruptcy; 2) their credit reports have one tradeline with the word "bankruptcy" on it, and; 3) the tradeline does not reference that the account was jointly held. See Defendants' Brief, p. 7. In fact, Defendants have used these common facts to make their determination of the size of the class. Defendants' Brief, p. 7. It follows that the legal issue of whether the information on the class members' tradelines was misleading is a common question for all class members. Other common issues are whether Defendants had a particular practice or policy of writing credit reports in this manner, and if so, whether the policy was reasonable. However, individual factual inquiries into damages will be required for those class members that choose to pursue actual damages. Despite the fact that actual damages would require individual factual inquiries, the court finds that common questions predominate over individual questions.

Defendants claim that because many individual inquiries will be required (the same argument they used for predominance), the class would be unmanageable and therefore, a class action is not a superior method for the case. As discussed above, the court finds that common issues predominate over individual issues. Furthermore, "[the] policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating



7

the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." See Amchem, at 2245 (citing Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997)). Therefore, the court finds that a class action is the superior method for the fair adjudication of the claims.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Conditional Class Certification is GRANTED.

**IT IS SO ORDERED.**

Margaret B. Seymour
United States District Judge

June 26, 2002

Spartanburg, South Carolina